# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY HARRIS and TED PAPPAS, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>          v.<br><br>FIRST REGIONAL BANCORP, FIRST REGIONAL BANCORP PLAN COMMITTEE, FRED M. EDWARDS, H. ANTHONY GARTSHORE, GARY M. HORGAN, THOMAS MCCULLOUGH, RICHARD E. SCHREIBER, LAWRENCE J. SHERMAN, JACK A. SWEENEY, MARILYN J. SWEENEY, KIM MEYER, ELIZABETH THOMPSON and DOES 1-10,<br>                    Defendants. | Case No.  CV10-7164 CJC (MLGx)<br><br>**[~~PROPOSED~~] PROTECTIVE ORDER REGARDING CONFIDENTIAL EMPLOYEE INFORMATION TO BE PRODUCED BY NON-PARTY BRYAN, PENDLETON, SWATS & MCALLISTER, LLC** |

The Court having reviewed the Stipulation for Protective Order Regarding Subpoena Served on non-party  Bryan, Pendleton, Swats & McAllister, LLC ("BPSM"), in its capacity as record keeper for the First Regional Bancorp Employee Stock Ownership Plan (the "ESOP") to Produce Certain Documents For Purposes of Settlement ("Protective Order"), entered into between Plaintiffs and Defendants in the above-referenced action and the BPSM, and it appearing to the Court that such a Protective Order is necessary and appropriate and will facilitate the effectuation of the settlement reached in this Action,

IT IS THEREFORE ORDERED THAT:

1.      This Stipulated Protective Order shall apply only to the social security numbers to be produced by BPSM in response to the Records Only Subpoena.

2.      Within ten (10) days following entry of the Stipulated Protective Order, BPSM shall produce the social security numbers ("Confidential Information") of the Plan Participants identified in the Plan Information provided to Plaintiffs in response to the Records Only Subpoena, to the Settlement Administrator as an agent of the Court, and the Settlement Administrator may seek instructions from the Court should any questions arise concerning its implementation of the Stipulated Protective Order, on the terms and conditions of the Stipulated Protective Order.

3.      The Settlement Administrator may provide the Confidential Information to the Plaintiffs and Defendants and their respective counsel and other agents, as determined appropriate by the Settlement Administrator, but only in strict conformity with the Stipulated Protective Order.

4.      All Confidential Information made available by BPSM to the Settlement Administrator and by the Settlement Administrator to the Plaintiffs and Defendants and/or their counsel pursuant to the Stipulated Protective Order is provided solely for use in connection with this Action and for no other purpose.  The Settlement Administrator and all other persons given access to the Confidential Information, including the Plaintiffs and Defendants and their respective Outside Counsel and other agents, shall take reasonable and appropriate steps (including complying with all applicable federal and California laws,

as well as the Stipulated Protective Order) to safeguard the confidentiality of the Confidential Information.

8.    The Confidential Information shall not be disclosed except to:

a.    the Court and its personnel, to the extent it is reasonably necessary to disclose the Confidential Information ;

b.    the Settlement Administrator for the sole and limited purpose of administering class notice(s) in the Action and complying with the other duties of the Settlement Agreement, including implementation of the Plan of Allocation; and

c.    Counsel of record in this Action for the Plaintiffs and Defendants, as well as employees and agents of such outside Counsel, but only to the extent it is reasonably necessary  to disclose the Confidential Information .

9.    Before obtaining access to the Confidential Information , each person to be provided access pursuant to the Stipulated Protective Order, other than the Court and Court personnel, shall acknowledge in writing in the form of Exhibit A attached, that he or she has read the Stipulated Protective Order and agrees to be bound by it.  The Settlement Administrator and respective Counsel for the Parties shall maintain and keep current a list of all persons to whom the Confidential Information  have been disclosed.

10.    The failure of BPSM, Settlement Administrator, Plaintiffs' Counsel or Defendants' Counsel to enforce any provision of the Stipulated Protective Order shall not be construed as a waiver of such provision, nor be construed in any way to affect the validity of the Protective Order, or the right of any party, including but not limited to BPSM, to enforce every provision.  No waiver of any breach of the Protective Order shall be held to constitute a waiver of any other breach.

11.    The Plaintiffs, Defendants, and BPSM agree to be bound by the terms of this Stipulation pending the entry by the Court of the Stipulated Protective Order, and any violation of the terms of this Stipulation while entry of the Stipulated Protective Order by the Court is pending shall be subject to the same sanctions and penalties as if the Stipulated Protective Order had been entered by the Court; however, BPSM, the Plaintiffs

and/or the Defendants and their respective outside counsel shall have the right to seek modification of the Stipulated Protective Order upon reasonable notice.  Any violation of the terms of the Stipulated Protective Order shall be punishable by relief deemed appropriate by the Court.

12.    This Stipulated Protective Order will remain in effect and binding following the final termination of this action or further Order of the Court.

13.    The Stipulated Protective Order may be executed in one or more counterparts, each of which shall be deemed an original document, and all of which, when taken together, shall be deemed to constitute a single document.  Fax signatures and electronically transmitted signatures (*i.e.* pdf files) shall constitute original signatures for the purposes of this Stipulation.

DATED:  July 3, 2012

_____
MARC L. GOLDMAN

MARC L. GOLDMAN
UNITED STATES MAGISTRATE JUDGE

EXHIBIT A

Consent Regarding BPSM -Confidential Information

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STANLEY HARRIS and TED PAPPAS, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> FIRST REGIONAL BANCORP, FIRST REGIONAL BANCORP PLAN COMMITTEE, FRED M. EDWARDS, H. ANTHONY GARTSHORE, GARY M. HORGAN, THOMAS MCCULLOUGH, RICHARD E. SCHREIBER, LAWRENCE J. SHERMAN, JACK A. SWEENEY, MARILYN J. SWEENEY, KIM MEYER, ELIZABETH THOMPSON and DOES 1-10, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. CV10-7164 CJC (MLGx) |

<u>CONFIDENTIALITY MATERIALS RECEIPT AND AGREEMENT</u>

I, _____, state:

1.    I reside at _____.

2.    My present employer is _____

_____.

3.    My present occupation or job description is _____.

4.    I hereby acknowledge that protected and confidential information is being provided to me pursuant to the terms and restrictions of the Stipulated Protective Order

– 5 –

entered by the Court on _____, 2012 in the above-referenced litigation ("Protective Order").   I further acknowledge that I have been given a copy of the Protective Order, have read its terms and conditions, and agree to be bound by the terms.  I understand that the confidential information which I will have access to shall be used solely for the purpose of the settlement of this case and will not be used or disclosed outside of this case.   I further agree that all Confidential Information, as that term is defined in the Protective Order, may only be disclosed as specifically set forth in the Protective Order.  I promise that I will not disclose to, reveal, or discuss in any way such confidential information or the facts and information contained therein with any other person other than as authorized by the Protective Order.    Promptly following the implementation of the settlement of this Action, and in any event no later than upon completion of this Action, I shall return all copies of the Confidential Information in my possession to the legal counsel who provided me with such information or the Settlement Administrator appointed by the Court.

5.    I agree that even after I cease to be actively involved in the above-captioned litigation, I shall continue to be bound by the terms of this Consent and the Protective Order.

6.    I hereby submit to the jurisdiction of the Court for purposes of enforcing the Protective Order.

7.    I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on _____, 20_____ at _____.

_____.

[PROPOSED] ORDER GRANTING STIPULATION FOR PROTECTIVE ORDER